UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATTY RAE STANLEY,            )
                              )
        Plaintiff             )
                              )
v.                            )       No. 1:10-cv-345-NT
                              )
EATON PEABODY, DANIEL McKAY,  )
and SARAH ZMISTOWSKI,         )
                              )
        Defendants            )


MEMORANDUM DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION

The defendants in this attorney malpractice action seek reconsideration of my September 30, 2011, recommended decision on their motion for summary judgment (Docket No. 39). Specifically, they contend that I failed to address a particular argument that they believe is dispositive of the case. A motion to reconsider "shall demonstrate that the [ruling] was based on a manifest error of fact or law[.]" Local Rule 7(g). I deny the motion.

The defendants assert that I "did not rule upon" the first argument presented in their reply memorandum. Defendants' Motion to Reconsider Recommended Decision on Motion for Summary Judgment ("Motion") (Docket No. 40) at 1. That argument contended that the plaintiff admitted, in an affidavit filed with her opposition to the defendants' motion for summary judgment, that she must have been aware at the time of the transaction in which she was represented by the defendants that she was not guaranteed any more money than she received in the transaction's first payment. Defendants' Reply Memorandum in Support of Motion for Summary Judgment (Docket No. 37) at 1-2. According to the defendants, that fact means that

1

the plaintiff was not damaged, and they are entitled to summary judgment. *Id*. at 2; Motion at 2-6.

This argument is based on a "term sheet" sent to the plaintiff on November 23, 2004, by the potential buyer of her campgrounds. Motion at 3. The term sheet states, *inter alia*, that the in Year 5 or 7 of the parties' joint venture, the plaintiff can sell her interest to the other joint venture for "a purchase price based on a 10% cap rate on the previous 12 months Net Operating income." Term Sheet (Docket No. 27-11, also identified as Exhibit D 113). The paragraph of the plaintiff's affidavit cited by the defendants is the following, in relevant part: "On November 23, 2004 Marguerite sent along to me a 'rough draft of a term sheet' which was consistent with our discussions and my understanding of the deal." Affidavit of Plaintiff Patty Rae Stanley (Docket No. 29-2) ¶ 53.

The defendants asserts that these facts mean that the plaintiff "now admits she independently understood that she was not receiving a guaranteed second payment but decided to proceed with the deal in the hopes that improvements to the properties would substantially increase their N[et] O[perating] I[ncome], on which the second payment would be calculated." Motion at 4.

The defendants' conclusion does not necessarily follow from their premise. They proffer no evidence that the plaintiff was asked the next, necessary question: And what was your understanding of the deal after you had reviewed the term sheet? It is certainly conceivable that the defendants' interpretation of the evidence is correct, and that interpretation may well weaken any testimony to the contrary that the plaintiff might give at trial, but that interpretation is not necessarily compelled, as a matter of law, so as to entitle the defendants to summary judgment. It is entirely possible that the plaintiff in fact believed that her expectation of an additional $6.75

million and the terms of the term sheet were consistent.  Indeed, the meaning of "a 10% cap rate on the previous 12 months Net Operating Income" is not immediately apparent to anyone not party to the transaction.

The defendants' assertion that I "may have misunderstood that Defendants were making an independent argument on this point[,]" and suggestion that I "decline[d] to consider or rule on [this] argument[,]" *id*. at 5, are also incorrect.  As the plaintiff notes, Plaintiff's Opposition to Defendants' Motion for Reconsideration of Recommended Decision on Motion for Summary Judgment (Docket No. 41) at 3 n.2, my recommended decision includes the following as an undisputed fact: "The plaintiff read and understood the term sheet."  *Stanley v. Eaton Peabody*, No. 1:10-cv-345-DBH, 2011 WL 4594919, at *2 (D. Me. Sept. 30, 2011).  The defendants argue that this "does not mean that [the plaintiff] agreed [the term sheet's terms] were correct," Defendants' Reply in Support of Their Motion to Reconsider Recommended Decision on Motion for Summary Judgment (Docket No. 42) at 5, but, contrary to their ensuing argument, paragraph 53 of the plaintiff's affidavit does not mean that she agreed that those terms established that she would not receive another $6.75 million for her remaining interest in the campgrounds.  There is still a missing conclusion, which it is the jury's province to determine.

The defendants have not established that the recommended decision contains either a manifest error of law or fact.  Therefore, the motion to reconsider is **DENIED**.


Dated this 18th day of November, 2011.


                                                    /s/ John H. Rich III
                                                  John H. Rich III
                                                  United States Magistrate Judge