UNITED STATES DISTRICT COURT
DISTRICT COURT

| | |
|---|---|
| PATTY RAE STANLEY,           ) | |
| )                             | |
|     *Plaintiff*           ) | |
| )                             | |
| v.                            ) | No. 1:10-cv-345-JHR |
| )                             | |
| EATON PEABODY, et al.,        ) | |
| )                             | |
|     *Defendants*          ) | |

*MEMORANDUM DECISION ON CROSS-MOTIONS IN LIMINE RE EXHIBIT D82*

The plaintiff moves for an order finding admissible at trial Exhibit D82, a letter dated November 14, 2007, from defendant Daniel McKay to Michael Berman of Equity Lifestyle Properties, Inc. ("ELS"). ECF No. 62. The defendants move to exclude Exhibit D82. ECF No. 67.[1] I grant the defendants' motion and deny that of the plaintiff.

ELS is not a party to this action. It purchased campgrounds from the plaintiff in a transaction in which the defendant lawyers and their firm represented the plaintiff. The letter is admittedly part of an attempt to settle a dispute between the plaintiff and ELS.

The defendants invoke the familiar bar of Rule 408 of the Federal Rules of Evidence. Defendants' Motion in Limine to Exclude Daniel McKay Settlement Letter ("Defendants' Motion") at 2-7. The rule, entitled "Compromise and Offers to Compromise," provides, in relevant part:

> (a) Prohibited uses. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

---
[1] The defendants also seek exclusion of D203, a "related email."

>       (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
>       (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a).

The defendants contend that the identity of the party offering the evidence or making the offer is irrelevant under the Rule. Defendants' Motion at 3. That is a correct statement of the law. *See, e.g., McInnis v. A.M.F., Inc.,* 765 F.2d 240, 247 (1st Cir. 1985). The plaintiff asserts, also correctly, that "Rule 408 is not a complete prohibition on the admissibility of settlement offers." Plaintiff's *In Limine* Motion Seeking Admission of Exhibit D82, a Letter From Dan McKay Dated November 14, 2007 ("Plaintiff's Motion") (ECF No. 62) at 3. *See United States v. J.R. LaPointe & Sons, Inc.*, 950 F. Supp. 21, 23 (D. Me. 1996).

The letter at issue is clearly an offer of settlement of a dispute between the plaintiff and ELS. The plaintiff in the instant action claims that the defendants committed legal malpractice in the course of representing her in the transaction underlying her dispute with ELS and, presumably, in the final outcome of that transaction and dispute.

>   The exclusion of evidence of settlement offers is justifiable on two grounds. First, the rule illustrates Congress' desire to promote a public policy favoring the compromise and settlement of claims by insulating potential litigants from later being penalized in court for their attempts to first resolve their dispute out of court. Second, such evidence is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength of weakness of their relative positions.

*McInnis*, 765 F.2d at 247.  It is the second ground that is relevant here.

Of course, "Rule 408 does not exclude use of compromise evidence when it is offered to prove something other than liability for, or invalidity of, a claim or its amount."  *LaPointe*, 950 F.Supp. at 23.  But, in this case, the letter will not be offered "to prove the bias or prejudice of a witness, to negate a contention of undue delay, to prove agency, ownership, or control, or to support a claim alleging that an illegal act occurred during the course of settlement negotiations."  *Id*.  Here, the plaintiff freely admits, she intends to use the letter to prove, *inter alia*, "that the fair market value of the properties at the time of the acquisition was in fact $13,500,000 as stated by Defendant McKay."  Plaintiff's Motion at 2.  That is precisely what the letter does not do; it is an offer of settlement, beginning with a statement of the strongest negotiating position available to McKay's client.  This court cannot allow the plaintiff to present the letter as something that it clearly is not, leaving it to the defendants to attempt to disprove the interpretation that the plaintiff will seek to impress upon jurors who lack legal training or experience.

Despite her protestations to the contrary, it is clear that the plaintiff seeks admission of this letter in order to prove the validity of her claim against the defendants, by suggesting to the jury that one of the defendants admitted that the amount of her claim against them is correct.  If a settlement agreement is not admissible for this purpose, *see, e.g., Portugues-Santana v. Rekomdiv Int'l*, 657 F.3d 56, 63 (1st Cir. 2011), surely an offer of settlement is not.

The plaintiff's intention to present the letter as something that it is not also implicates Fed. R. Evid. 403, as the defendants note.  Defendants' Motion at 7.  Any probative value of the letter is outweighed by the danger of misleading the jury under these circumstances.[2]

---

[2] The plaintiff cites *Rathje v. Scotia Prince Cruises, Ltd.*, No. Civ. 01-123-P-DMC, 2002 WL 389303, at *7 n. 16 (D. Me. Mar. 13, 2002), for the proposition that Rule 408 does not exclude use of compromise evidence offered to prove something other than liability for or validity of a claim or its amount.  Plaintiff's Motion at 3.  That case involved a bench trial, *id*. at *1; and the trial judge was able to limit consideration of the evidence at issue, admitting

Exclusion of Exhibit D82 requires exclusion of D203 as well, because D203 cannot be redacted to eliminate references to Exhibit D82 and maintain any evidentiary value.  *See Carballo Rodriguez v. Clark Equip. Co.*, 147 F.Supp.2d 66, 76 (D.P.R. 2001).

For the foregoing reasons, the plaintiff's motion to admit Exhibit D82 is **DENIED** and the defendants' motion seeking exclusion of exhibits D82 and D203 is **GRANTED**.

Dated this 30th day of May, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

it "for the purpose of completeness of the story of the parties' ongoing dealings rather than as proof of [the defendant's] liability for, or the invalidity of, a claim or its amount."  *Id*. at *8 n. 16.