*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *PATTY RAE STANLEY,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 1:10-cv-345-JHR* |
| | ) | |
| *EATON PEABODY, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*MEMORANDUM DECISION ON MOTION IN LIMINE TO EXCLUDE PRIOR ALLEGED EXPRESSIONS OF INTEREST*

The defendants move to exclude "any testimony and evidence concerning four prior, unconsummated expressions of interest in [the plaintiff's] Campgrounds . . . as evidence of the Campgrounds['] value." Defendants' Motion in Limine to Exclude Prior Alleged Expressions of Interest ("Motion") (ECF No. 68) at 1. I grant the motion in part and deny it in part.

The defendants identify the four expressions of interest as the following:

> (1) an unsigned purchase and sale agreement listing H. Wayne Klekamp as the buyer that [the plaintiff] received from her real estate brokers . . .; (2) telephone discussions with Bob Morgan, in which Mr. Morgan rejected [the plaintiff's] proposed price (the amount of which she does not even recall) . . . ; (3) a prior term sheet from ELS that [the plaintiff] did not take seriously . . . ; and (4) discussions about a ten-year lease of the Campgrounds to KOA[.]

*Id*. at 2. The plaintiff's opposition does not mention the telephone discussions with Morgan or the discussions with KOA, Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Prior Alleged Expressions of Interest ("Opposition") (ECF No. 73), other than a possible intent to include them in the general argument that prior expressions of interest

1

are "independently admissible by Plaintiff to show the Defendants' negligence." *Id*. at 1.  She asserts that the defendants "were not only aware of both previous expressions of interest/offers but billed Plaintiff for work performed on each of them." *Id*.

It is not entirely clear to which expressions of interest the plaintiff refers when she references "both."  This lack of clarity is compounded by the fact that the plaintiff does not cite to any deposition testimony or other evidence to support the factual assertions in her opposition.  The plaintiff subsequently refers specifically to the Klekamp "interest" and the ELS term sheet, *id*. at 2, so I conclude that the plaintiff's argument does not encompass the Morgan telephone conversations or the KOA lease discussions, and I grant the defendants' motion to exclude as to those expressions of interest.

The prior term sheet from ELS, the third item on the defendants' list, is admissible.  The defendants offer many reasons to discount the amount stated on that sheet as a potential purchase price, but all of those assertions go to the weight of the document rather than its admissibility.  The only legal argument proffered by the defendants is that the document is inadmissible as an "unconsummated offer."  Motion at 10.  Generally speaking, unconsummated offers to buy property are not admissible to prove market value.  *United States v. 10,031.98 Acres of Land*, 850 F.2d 634, 637 (10th Cir. 1988) (and cases cited therein); *see also United States v. 0.59 Acres of Land*, 109 F.3d 1493, 1496 (9th Cir. 1997).  However, from all that appears, this document was part of a series of negotiations that culminated in the sale of the campgrounds that gives rise to this action.  To label the initial term sheet an "unconsummated offer," on these facts, stretches that term more broadly than its underlying legal theory allows.  The motion to exclude that document and any testimony about it is denied.

The final expression of interest at issue is the Klekamp document.  The defendants cite deposition testimony, unchallenged by the plaintiff, that the purchase and sale agreement at issue was never signed by Klekamp or any representative, that the plaintiff never spoke with Klekamp about the "offer," that the plaintiff did not know whether Klekamp authorized the proposal, and that the plaintiff did not want to deal with the real estate brokers who presented the "offer" to her.  Motion at 4-5.  The plaintiff responds that the document is admissible because the defendants are free to impeach her testimony "by demonstrating that any such offer[] or expression[] of interest [was] conditional and not enforceable[.]"  Opposition at 1.  That response does not address the defendants' argument that such evidence is not admissible *per se*.

The plaintiff argues more expansively that the Klekamp "offer" is admissible to show the defendants' negligence because they were aware of the "offer" and billed the plaintiff for work on this offer.  *Id.*  Without support citations to the record, she adds that the defendants "employed 2 or 3 attorneys over the course of several months editing the Purchase and Sale Agreement and otherwise working for [the plaintiff] and billing [the plaintiff] and being paid by [the plaintiff] with regard to the Klekamp deal."  *Id.* at 2.  She contends that defendant McKay "was completely unaware of this previous activity by buyers in 2004," and that this lack of knowledge shows that the defendants did not "shar[e] all information about the campgrounds in [their[ possession and under [their] control which was relevant and material to the transaction[,]" which in turn is evidence of professional negligence.  *Id.*

I am reluctant to rule on this aspect of the issue in the absence of sufficient citations to the record or to case authority by the plaintiff.[1]  However, I can and do conclude that the defendants' motion to exclude the Klekamp "offer" as evidence of value should be granted.  At this time, I will not exclude evidence concerning the Klekamp "offer," if proffered as evidence

---

[1] The plaintiff cites only to McKay's deposition.  *Id.*

of negligence, as to which a limiting instruction may be given, should the plaintiff establish at trial an evidentiary basis for allowing this material to be admitted as evidence of the defendants' negligence.

For the foregoing reasons, the defendants' motion is **GRANTED** as to any telephone conversations between the plaintiff and Bob Morgan with respect to a possible purchase of the campgrounds, any discussions between the plaintiff and KOA about a potential lease of the campgrounds, and an unsigned purchase and sale agreement purportedly from W. Wayne Klekamp insofar as it is offered as evidence of market value of the campgrounds, and otherwise **DENIED**.

Dated this 31st day of May, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge